White, J.
Whether there was error in the refusal of the court to charge the jury as requested, depends upon the construction of section 6 of the act of April 13, 1865, entitled “ an act to restrain from running at large certain animals therein named.” S. & S. 7.
The section is as follows :
“ That any person finding any animals mentioned in this act, at large, contrary to its provision, may, and any con- . stable or marshal of any city or incorporated village, on view or information, shall, take up and confine the same, forthwith, giving notice thereof to the owner, if known, and if not known, by posting notice describing such animals therein, in at least three public places within the township ; and if the owner does not appear and claim his property, and pay all charges for taking up, advertising, and keeping the same, within ten days from the date of said notices, the said animals may be proceeded with under the law then in force regulating estrays.”
Prior to the passage of this act, the owner of domestic animals, not breachy or unruly, had the right, in this state, to allow them to run at latfge. The rule of the English common law on the subject was declared to be inapplicable to our circumstances, as well as inconsistent with our legislation on the subject of fences. Kerwhacker v. Railroad Co., 3 Ohio St. 172; Railroad Co. v. Waterson & Kirk, 4 Ohio St. 432; Railroad Co. v. Stephenson et al., 24 Ohio St. 48.
By the statute in question, a new' policy is introduced in the state in regard to the restraint of the classes of domestic animals named in the statute. The object of the stat *586 ute was, in view, doubtless, of tbe improved condition of tbe lands of the state, to abolish the former rule, and take from the owner of such animals the right previously existing of allowing them to run at large.
The first section of the act declares: “ That it shall be unlawful for any person, . . . being the owner or having the charge of any . . . cattle, to suffer the same-to run at large in any public road or highway, . . . or upon any uninclosed land, ... or cause such animals to be herded, kept, or detained for the purpose of grazing the same, on premises other than those owned or occupied by the owner or keeper of such animals, except as hereinafter provided; and every person violating the provisions of this act shall forfeit and pay for every such violation, as peualty therefor, not less than one dollar nor •more than five dollars.” . . .
The exception provided for in the act is found in the 2d section. That section provides : “ That general permission may be granted by the commissioners of any county for any animal named in the first section of this act to run at large in their respective counties; and, in counties where-there is no general permission, township trustees may grant, special permits, and such permission, whether general or special, shall terminate on the first Monday of March in each and every year; and such special permits shall be revocable at the discretion of the township trustees; . . and such special permits shall be directed to individuals,, and for particular animals described therein.”
By section 4, it is declared that it shall be a defense to a, prosecution for the penalty prescribed by the 1st section, to show that the “ animal was at large without the knowledge of +he owner or keeper, and without his fault.”
Section 5 declares, that the owner, or person having the animal in charge, “ allowing the Same to run at large in violation of this act, shall be liable for all damages done by said animal upon the premises of another, without reference to the fence which may inclose said premises.” . .
Under the statute, cattle can be at large, as of right, only *587 by the permission-of the public authorities as provided in. the second section. Except as authorized by that section,, the owners of cattle have no right to have them at large and the public have the right to be protected against their being at large, whether they are at large with or without the fault of the owner.
The object of the sixth section is to invest the public with power to protect itself in the enjoyment of this i-ightr by operating directly against the animal. The section authorizes any person, and requires the officers therein named,, either on view or information, and whether the owner is known or unknown, to take up and coniine any animals mentioned in the act, found at large contrary to its provisions.
It is said, the authority to take up applies only to such animals as are at large with the consent of or by the fault of the owner. "We do not think so. The danger to the public, of mischief from the intrusions of the animals, is-the same whether they are at large with or without the fault of the owner. And the object of this section is to-protect the public against the mischief likely to result from the animals being at large, irrespective of the cause. This being the clear intent of the section, it should be construed so as to effect its object and repress the mischief. Moreover, it is not reasonable to suppose that the legislature, in requiring a public officer to take up animals “ on view,” whether the owner was known or unknown, intended to devolve upon him the risk of being mulct in damages if it should finally turn out that they were at large without the owner’s fault. If the officer should be unable to justify, it would be at the election of the owner whether he would hold the officer liable for the value of the animals, or only for damages resulting from his temporary interference with them.
In the opinion of a majority of the court, therefore, the-animals named, in the act are, within the meaning of the sixth section, at large “ contrary to its provisions ” when they are at large contrary to or not in acccordance with the *588 ■.second section of the act. If the animals are at large un•der permission granted by the commissioners or trustees, as provided by the second section, the records of these bodies will advise the public whether they are at large in accordance with the provisions of the act or not. 67 Ohio L. 104, ■§ 9 ; 2 S. & C. 1567, § 10.
Our present ruling is not in' conflict with the decision in the case of the Railroad Company v. Stephenson et al., supra. 'That was an action to recover for injuring cattle; and as they were at large without the omission of reasonable care •on the part of the owner, it was held that he was not guilty •of contributory negligence.
The conditions upon which the owner is liable to an action for a penalty or for damages, under the statute, are not necessarily the same as those by which his liability to have his cattle taken up are to be determined. Whether they .are the same or not depends upon the construction of the •several provisions of the statute on which the respective rights are founded. And although willfulness or actual negligence may be a necessary element in an action against the owner, they are not so in respect to the right given by the sixth section to take up cattle found at large.
2. The court also erred in instructing the jury that, to justify the defendant, it must be shown that the inclosure ’in which he confined the cattle was a pound of the township, established as such by the trustees.
The effect of this instruction would be to make the sixth section of the act inoperative, except in townships where the trustees had established pounds under the authority •conferred by the supplementary act of April 12, 1867 (S. & •S. 9). If the trustees had failed .to establish a pound under that act, the authority of the defendant to take up and confine the cattle was as ample as it was before the supplementary act was passed.
Judgment reversed, and cause remanded for a new trial.